912 F.2d 463
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Paul BAYKOWSKI, a/k/a Isaac Brown, Plaintiff-Appellant,
and
Robert L. Harrell, Plaintiff,
v.
Preston OLDHAM, Graham Previer, Thomas Andrews, Jack D.
Marion, Defendants-Appellees.
 No. 90-6812.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 20, 1990.
Decided Sept. 4, 1990.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Frank W. Bullock, Jr., District Judge. (CA-89-38-WS)
 Paul Baykowski, appellant pro se.
 Angela L. DeMent, Womble, Carlyle, Sandridge & Rice, Winston-Salem, N.C., John R. Corne, Assistant Attorney General, Raleigh, N.C., for Appellees.
 M.D.N.C.
 AFFIRMED.
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Paul Baykowski (a/k/a Isaac Brown) appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 suit alleging that his constitutional rights were violated by the conditions at the Forsyth County Jail (FCJ) while he was detained there as a pretrial detainee during 1988. Baykowski alleges numerous constitutional violations, including claims that his rights were violated by overcrowding, unsanitary living conditions, denial of access to a law library, and denial of access to telephones. Because all of Baykowski's claims lack merit, we affirm the district court's dismissal of Baykowski's complaint.
 
 
 2
 Baykowski alleged that up to 25 inmates at FCJ were forced to share razors which were contaminated by blood, skin and hair. The defendants did not deny Baykowski's allegations. The magistrate's recommendations, later adopted by the district court, stated that the defendants are protected from damages claims by virtue of qualified immunity because pretrial detainees have no established constitutional rights to receive new razors.
 
 
 3
 It is clear that inmates have a constitutional right to be provided with sanitary conditions which do not jeopardize their health. Unnecessarily subjecting inmates to unsanitary conditions constituting significant health hazards has been held to constitute a constitutional violation. See McCray v. Burrell, 516 F.2d 357, 369 (4th Cir.1975); Dawson v. Kendrick, 527 F.Supp. 1252 (S.D.W.Va.1981). Requiring inmates to share a razor is a factor that may be considered in determining whether they may have a constitutional claim that they are unnecessarily subjected to a significant health hazard. See Kirby v. Blackledge, 530 F.2d 583, 586 (4th Cir.1976).
 
 
 4
 Baykowski alleged that FCJ's practice of requiring prisoners to share razors increases the risk of contracting AIDS or other communicable diseases. Baykowski, however, has failed to allege that he has suffered any actual physical, or any cognizable mental or emotional, injury as a result of being forced to share razors. He is no longer in custody at the Forsyth County Jail. Therefore, the district court did not err in dismissing this claim.
 
 
 5
 AFFIRMED.